```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

KENRICK AUSTIN,

                    Plaintiff,           09 Civ. 4812

     - against -                         OPINION

COMMISSIONER BRIAN FISCHER,
C.H.O. JOSE E. PICO,
C.O. L. GONZALEZ,

                    Defendants.

-----------------------------------------X

A P P E A R A N C E S:


          Pro Se

          KENRICK AUSTIN
          #83-B-0146
          Clinton County Correctional Facility
          Dannemora, NY  12929


          Attorneys for Defendants

          ANDREW M. CUOMO
          Attorney General of the State of New York
          120 Broadway, 24th Floor
          New York, NY  10271
          By:  Michael Arcati, Esq.
               Assistant Attorney General
```

**Sweet, D.J.**

Defendants Brian Fischer, Commissioner of the New York State Department of Correctional Services ("DOCS") ("Fischer" or the "Commissioner"), Jose E. Pico, DOCS Director of Chief Hearing Officer Program ("Pico"), and Corrections Officer Lisa Gonzalez ("Gonzalez") (collectively, "Defendants"), have moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the Amended Complaint of plaintiff Kenrick Austin ("Austin" or "Plaintiff"). Upon the conclusions set forth below, the motion is granted, and the Amended Complaint dismissed.

**Prior Proceedings**

On September 18, 2007, at Fishkill Correctional Facility, Plaintiff assaulted a Corrections Officer with a broken broom. (See Def. Ex. C.)[1] On September 19, 2007, Plaintiff was notified that a Misbehavior Report was filed against him and a disciplinary hearing was to be held. (See Def. Ex. D.) On the notice, Plaintiff acknowledged that he had received a copy of the Misbehavior Report. (Id.) On September

---

[1] "Def. Ex. __" refers to exhibits attached to the Declaration of Michael Arcati in Support of Defendants' Motion to Dismiss the Amended Complaint.

1

27 and 28, 2007, a Tier III disciplinary hearing was held at Downstate Correctional Facility regarding the September 18 assault. (See Def. Ex. E.) Pico was the Hearing Officer at the hearing. (Id.) Plaintiff pleaded not guilty to the charges of (1) Assault on a Staff Member, (2) Possession of a Weapon and (3) Harassment. (Id. at 1.) After the presentation of evidence, Plaintiff was found guilty of all charges. (Id. at 2.) As a result of the disciplinary hearing, Plaintiff alleges that he served eighteen months in the Special Housing Unit ("SHU"). (See Am. Compl. § II.D.)

On October 9, 2007, Plaintiff filed an administrative appeal of the disciplinary hearing. (See Am. Compl. Ex. A.) On December 13, 2007, Plaintiff's disciplinary hearing was reviewed and affirmed by DOCS. (See Am. Compl. Ex. B; Def. Ex. F.) On March 18, 2008, Plaintiff filed a Petition for a Judgment Pursuant to Article 78 of the New York State Civil Practice Laws and Rules ("Article 78") against Fischer in Albany County. (See Am. Compl. § VI.) The Article 78 Petition was transferred to the Appellate Division, where it is currently pending. (Id.)

On April 28, 2009, the Southern District of New York Pro Se Office received Plaintiff's original Complaint. On August 13, 2009, Plaintiff mailed his Amended Complaint to the

2

Pro Se Office. In the Amended Complaint, Plaintiff alleges that several due process violations – labeled as Facts One through Ten – occurred during the disciplinary hearing and the administrative appeal that followed.

Defendants were served with the Amended Complaint between September 25 and 29, 2009 and moved to dismiss on October 20, 2009. The instant motion was marked fully submitted on April 1, 2010.

**The Allegations of Due Process Violation Are Dismissed**

Inmates retain due process rights in prison disciplinary hearings that "would subject an inmate to solitary confinement in SHU." Luna v. Pico, 356 F.3d 481, 487 (2d Cir. 2004). The rights available to inmates at such disciplinary hearings are limited to "advance written notice of the charges; a fair and impartial hearing officer; a reasonable opportunity to call witnesses and present documentary evidence; and a written statement of the disposition, including supporting facts and reasons for the action taken." Id. (citing Kalwasinski v. Morse, 201 F.3d 103, 108 (2d Cir. 1999)). A disciplinary hearing decision must be supported by "some evidence." See id.

3

at 487-89. In this case, none of the alleged violations constitutes a violation of Plaintiff's due process rights.

Under "Fact One," Plaintiff alleges that Pico interviewed several unknown witnesses during the disciplinary hearing while Plaintiff was not present, and did not allow Plaintiff to confront these witnesses. (See Am. Compl. § II.D.) However, "[i]t is not a violation of due process at a disciplinary hearing to take the testimony of a witness outside the presence of an inmate. Nor does an inmate have a constitutional right of confrontation." Kalwasinski, 201 F.3d at 109 (internal citations omitted). Furthermore, using confidential witnesses at a prison disciplinary hearing does not in itself violate due process. See Gaston v. Coughlin, 249 F.3d 156, 163 (2d Cir. 2001). Accordingly, this allegation does not amount to a constitutional due process violation.

Plaintiff alleges under "Fact Two" that the transcript of the disciplinary hearing misstates the dates of two witnesses' testimony. (See Am. Compl. § II.D.) A minor typographical error such as this does not constitute a due process violation, particularly where Plaintiff knew the correct dates. Moreover, Plaintiff does not have a right to receive a transcript of the disciplinary hearing, and therefore no

4

constitutional violation can arise from a typographical error in the transcript. See Hernandez v. Selsky, No. 04-CV-0552, 2006 WL 566476, at *3 (N.D.N.Y. Mar. 7, 2006) ("[T]he Fourteenth Amendment does not require the review of (much less the existence of) a tape recording or transcript of the disciplinary hearing.").

Under "Fact Three," Plaintiff alleges that the Commissioner issued a decision sixty eight days after Plaintiff's submission of his administrative appeal, exceeding the sixty-day limit set forth in N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 7, § 254.8. (See Am. Compl. § II.D.) However, this eight day delay does not violate Plaintiff's due process rights, because "the Fourteenth Amendment does not require any administrative review of disciplinary convictions." Hernandez, 2006 WL 566476, at *3 (emphasis in original). Since Plaintiff fails to allege any due process violation caused by the delay, this allegation fails to state a claim. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Plaintiff alleges under "Fact Four" that Pico and the Commissioner "failed to honor" the misspelling of the "rule reference" and misstatement of the rule number in the Misbehavior Report. (See Am. Compl. § II.D.) Plaintiff's right

5

to advance written notice of the disciplinary charges only requires sufficient detail to allow Plaintiff to prepare his defense. See Kalwasinski, 201 F.3d at 108. Plaintiff does not allege that either the misspelling of the "rule reference" or the misstatement of the rule number affected his defense in any way, and therefore fails to state a claim.

Under "Fact Five," Plaintiff alleges that Gonzalez delivered his ticket twenty eight hours after the September 18 incident, four hours later than was required. (See Am. Compl. § II.D.) However, an inmate must receive advance notice of the charges against him twenty four hours prior to the disciplinary hearing, not, as Plaintiff suggests, within twenty four hours of the incident. See Kalwasinski, 201 F.3d at 108. Here, Plaintiff received both notice of the disciplinary hearing and a copy of his Misbehavior Report on September 19, seven days before his hearing took place.

Under "Fact Six," Plaintiff alleges that the Commissioner and Pico "did not honor" an error in the hearing transcript regarding the identity of the "area Sgt." and that the Misbehavior Report was "not clear" as to the rank of the area supervisor. (See Am. Compl. § II.D.) As stated above, because Plaintiff is not entitled to a transcript, no violation

6

can arise from an error in the transcript. See Hernandez, 2006 WL 566476, at *3. Similarly, as stated above, Plaintiff's right to advance written notice only requires sufficient detail to allow Plaintiff to prepare his defense, and Plaintiff has not alleged that his ability to prepare his defense was prejudiced in any way by the lack of clarity regarding the rank of the area supervisor.

Plaintiff alleges under "Fact Seven" that the evidence used to substantiate the weapon possession charge was defective due to breaks in the chain-of-custody and conflicting testimonies and written reports. (See Am. Compl. § II.D.) A guilty determination at a prison disciplinary hearing must be supported by "some evidence" in the record. See Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); Luna, 356 F.3d at 487-88. Judicial review of the "some evidence" standard "'does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'" Sira v. Morton, 380 F.3d 57, 76 (2d Cir. 2004) (quoting Hill, 472 U.S. at 454). Here, Plaintiff does not allege that the determination was based on a lack of evidence, but instead identifies deficiencies or inconsistencies in this

piece of evidence. The allegation does not show that the weapon possession charge was not supported by any evidence.

Under "Fact Eight," Plaintiff alleges that the Commissioner and Pico impermissibly relied on an assault by Plaintiff from 1995. (See Am. Compl. § II.D.) Plaintiff does not allege any facts indicating the manner in which Defendants relied on the 1995 assault or any prejudice arising from such reliance. This allegation therefore lacks sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Furthermore, even if Defendants did improperly rely on evidence of Plaintiff's 1995 assault, Defendants' reliance on other evidence of Plaintiff's guilt nonetheless satisfies the "some evidence" requirement for a guilty determination. See Hill, 472 U.S. at 455-56; Luna, 356 F.3d at 487-88.

Under "Fact Nine," Plaintiff alleges that the hearing tapes were "dysfunctional" and improperly maintained, and that the hearing transcript was out of order and missing objections. (See Am. Compl. § II.D.) As set forth above, errors in the hearing transcript do not amount to a constitutional violation. See Hernandez, 2006 WL 566476, at *3. The same is true of a

8

tape recording. See id. ("[T]he Fourteenth Amendment does not require the review of (much less the existence of) a tape recording or transcript of the disciplinary hearing."); see also Johnson v. Goord, 487 F. Supp. 2d 377, 386 (S.D.N.Y. 2007) ("'While New York law requires that an electronic record of a disciplinary hearing be maintained, such a record is not constitutionally required.'" (quoting Auricchio v. Goord, 273 A.D. 2d 571, 572 (N.Y. App. Div. 2000))).

Plaintiff alleges under "Fact Ten" that the Statement of Evidence was illegible and that Defendants impermissibly relied on "all the illegal procedure[s] committed in the hearing." (Am. Compl. § II.D.) Plaintiff is entitled to a written statement of the disposition of his disciplinary hearing, including the evidence relied upon and the reasons for the disciplinary actions taken. See Sira, 380 F.3d at 69. Here, although Plaintiff did receive the written disposition, he claims that he could not understand it. However, Plaintiff's allegations in the Amended Complaint and his appeal to the Commissioner indicate that he clearly understood the contents of the written disposition. (See Am. Compl. Ex. A.) A review of the Statement of Evidence establishes that Pico's written comments, though sloppy, are sufficiently clear to inform the Plaintiff of the evidence relied upon and the reasons for the

9

disciplinary actions taken.² As set forth above, none of the "illegal procedure[s]" alleged in Facts One through Ten violated Plaintiff's due process rights. Accordingly, Defendants' reliance on these "procedure[s]" does not give rise to a constitutional violation.

Throughout his Opposition, Plaintiff contends that Defendants violated his constitutional rights by failing to adhere to the guidelines for conducting prison disciplinary hearings set forth in Title 7 of the NYCRR. To support this contention, Plaintiff relies exclusively on the provisions of

---

² The "Statement of Evidence Relied Upon" reads as follows:

> MBR [member] arrested by CO J. Lynch dated 9/18 @ approx 8:10 am alleging violations of Rules 100.11 Assault on Staff[,] 113.10 Weapon, and 107.11 Harassment as follows, "Inmate Austin said to me "I'm not fucking doing nothing' and grabbed a broom and broke it in half over his knee creating a sharp pointy weapon. Inmate started running towards me and other inmates yelled "Don't do it man" . . . he continued running towards me and with his left hand punched me in the right side of my jaw . . . both of us continued to exchange blows . . . inmate was constantly resisting trying to contain him . . .". I also relied on Inmate Reports (Final and Preliminary) I also relied on Inmate Reports (Final and Preliminary)[,] Use of Force Report, Memo by Sgt Sullivan [,] Photographs of the weapon, physical inspections of the mess hall and programs administer. I spoke to 4 mess hall workers including Bobby Chang . . . .

(Def. Ex. E at 3.) It also states that the "extensive" and "detailed" testimony of witnesses and descriptions of the Plaintiff's conduct confirmed Corrections Officer Lynch's allegations. (Id.) Under "Reasons for Disposition," Pico wrote that Plaintiff was "a threat to the safety and the security of the facility. Your disciplinary record recounts 5 prior Harassment and Possession [of] Weapons and one assault on staff. This disposition is being imposed upon you in the hopes it will deter you from behaving in such a manner in the future." (Id.)

10

the NYCRR and New York State cases to support his federal constitutional claims under § 1983.

This argument fails because violations of state law that do not deprive the Plaintiff of a right "secured by the Constitution and laws" are insufficient to support a claim under § 1983. See Baker v. McCollan, 443 U.S. 137, 139-40 (1979); Shakur v. Selsky, 391 F.3d 106, 119 (2d Cir. 2004); Blouin v. Spitzer, 356 F.3d 348, 362 (2d Cir. 2004). State procedural protections do not give rise to substantive federal rights. See Olim v. Wakinekona, 461 U.S. 238, 249-50 (1983); Holcomb v. Lykens, 337 F.3d 217, 224 (2d Cir. 2003) ("[S]tate statutes do not create federally protected due process entitlements to specific state-mandated procedures.")  Moreover, "[s]tate procedures designed to protect substantive liberty interests entitled to protection under the federal constitution do not themselves give rise to additional substantive liberty interests." Blouin, 356 F.3d at 363. It is "federal law, not state regulations, [that] determines the procedures necessary to protect that liberty interest." Id. (citing Watson v. City of New York, 92 F.3d 31, 38 (2d Cir. 1996)). Indeed, courts in this Circuit have held that violations of New York prison procedures under 7 NYCRR 254 "do not rise to a level of constitutional significance." Martinez v. Minogue, No. 06-CV-

546, 2008 WL 4241746, *6 (N.D.N.Y. Sept. 11, 2008); see Ramsey v. Goord, 661 F. Supp. 2d 370, 391-92 (W.D.N.Y. 2009). Therefore, "the only relevant inquiry was whether the constitutional [procedures] were met, not whether state procedures were followed." Shakur, 391 F.3d at 119 (citing Holcomb, 337 F.3d at 224).

As set forth above, Defendants did not violate any of Plaintiff's constitutional rights. Plaintiff's exclusive reliance on Defendants' violations of NYCRR is insufficient to support his claims. See Shakur, 391 F.3d at 119; Holcomb, 337 F.3d at 224; Ramsey, 661 F. Supp. 2d at 391.

In his Opposition, Plaintiff argues that Pico's investigation of Plaintiff's assault during the disciplinary hearing violated his constitutional rights because it violated 7 NYCRR 254.1. (See Opp. 2, 7.) There is no allegation that Pico investigated Plaintiff's misconduct prior to the hearing. As a matter of common sense, Pico was required to investigate the assault during the hearing, pursuant to his duties as the Hearing Officer presiding over the hearing. Accordingly, Pico's conduct did not violate 7 NYCRR 254.1.

Plaintiff also argues that the faulty electronic recording and errors in his hearing transcripts violated 7 NYCRR 254.6 and cites several New York State cases in support. (See Opp. 3, 6, 8.) As concluded above, Plaintiff does not have a constitutional right to a transcript or electronic recording of his disciplinary hearing, and cannot therefore base a constitutional claim on these errors. See Hernandez, 2006 WL 566476, at *3. Even if these errors violate the NYCRR, such a violation does not entitle Plaintiff to relief under § 1983. See Ramsey, 661 F. Supp. 2d at 391.

Similarly, Plaintiff argues that Fischer's tardy decision on Plaintiff's appeal violated 7 NYCRR 254.8, which requires that the reviewing authority issue a decision within sixty days of receipt of an appeal. (See Opp. 4.) As set forth above, this does not constitute a violation of Plaintiff's due process rights because constitutional due process does not require administrative review of inmate disciplinary hearings, see Hernandez, 2006 WL 566476, at *3, and because the state regulation does not create a substantive federal right. See Blouin, 356 F.3d at 363; Ramsey, 661 F. Supp. 2d at 391.

Finally, in his Opposition, Plaintiff again argues that Pico's documentation was not sufficiently detailed to allow

13

Plaintiff to prepare an effective defense. (Opp. 9.) This argument fails because, as explained above, the Statement of Evidence and Reason for Disposition did contain sufficient detail. In addition, in his Appeal Form to the Commissioner, Plaintiff made numerous attacks on both procedural aspects and the merits of the hearing, including challenges to the credibility of witnesses and lack of specificity in the evidence. (See Compl. Ex. A.) This indicates that Plaintiff was able to ascertain enough information from Pico's documentation to articulate a defense in his appeal.

**The Defendants Have Established Qualified Immunity**

Qualified immunity protects government officials from civil liability in the performance of their duties "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). "Once qualified immunity is pleaded, plaintiff's complaint will be dismissed unless defendant's alleged conduct, when committed, violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Williams v. Smith, 781 F.2d 319, 322 (2d Cir. 1986) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

14

To determine whether a particular right was "clearly established" at the time defendants acted, a court should consider whether (1) the right was defined with "reasonable specificity," (2) the Supreme Court or the Second Circuit recognized the right, and (3) a reasonable defendant would have understood from the existing law that his or her conduct was unlawful. Anderson v. Recore, 317 F.3d 194, 197 (2d Cir. 2003); Wright v. Smith, 21 F.3d 496, 500 (2d Cir. 1994); Benitez v. Wolff, 985 F.2d 662, 666 (2d Cir. 1993). In this case, Plaintiff's Amended Complaint fails to establish any clearly established right violated by Defendants.

As concluded above, none of the allegations set forth under Facts One through Ten amounts to a violation of Plaintiff's due process rights under the controlling decisional law. The Amended Complaint therefore fails to identify a "clearly established" right that was violated by Defendants' conduct. Moreover, even if the due process rights alleged by Plaintiff were supported by the decisional law and violated by Defendants' conduct, Defendants would still be entitled to qualified immunity because they could not have reasonably understood at the time that their conduct was unlawful.

## Conclusion

Based on the conclusions set forth above, Defendants' motion is granted and the Amended Complaint is dismissed pursuant to Fed. R. Civ. P. 12(b).

So ordered.

**New York, NY**
**August 9, 2010**

_____
ROBERT W. SWEET
U.S.D.J.

16